GARRETSON (TAYLOR v.). See Case No. 13,792.

---

## Case No. 5,252.

### In re GARRETT.

[2 Hughes, 235; 11 N. B. R. 493.] [1]

District Court, E. D. Virginia. Feb., 1875.

BANKRUPTCY—ALIMONY AS A LIEN ON BANKRUPT'S LAND—EXEMPTIONS—DISCHARGE—RELEASE FROM PAYMENT OF ALIMONY.

1. The bankruptcy court has no jurisdiction of alimony operating as a lien upon land belonging to a bankrupt's estate.

2. Where a state court has decreed a divorce, and provided alimony, the bankruptcy court will not increase or diminish the alimony, though chargeable upon the estate administered in bankruptcy.

3. In granting an exemption to the bankrupt, the bankruptcy court will order that it shall not affect or prejudice the wife's rights to alimony chargeable upon real estate claimed as homestead.

4. A discharge in bankruptcy does not release a husband from the obligation to pay alimony, though—

5. Quaere. Whether instalments of alimony due before the bankruptcy are released by a discharge in bankruptcy, as a personal liability of the bankrupt?

Prior to the Civil War, Edward and Phillis Garrett intermarried, and a number of children were born to them. In June, 1870, Phillis, by next friend, brought suit on the chancery side of the circuit court of Alexandria county, against Edward, for a divorce a vinculo matrimonii, setting forth, as the grounds, adultery, neglect, etc., and praying alimony and the custody of the children, all of whom were under age. The case was removed by consent to the corporation court of Alexandria city, where, in January, 1872, after hearing, the court entered a decree divorcing the parties a vinculo matrimonii, forbidding Edward to marry again, giving the custody of the children to Phillis, and directing Edward to pay to Phillis, during her natural life, for the maintenance of herself and children, the sum of nine dollars per month. The decree operated as a lien from the date it was docketed upon Edward Garrett's estate. The husband had neglected to pay the monthly instalments decreed, which were due since 1872. [In the county of Fairfax, Virginia (adjoining Alexandria), Edward owned a tract of land; and on the lien docket of that county this decree for alimony was entered, and, according to the law of the state, became a lien as early as 1872.] [2] The husband filed his petition in bankruptcy on the 7th March, 1874, and was adjudicated a bankrupt on the 16th March. In January, 1875, at his instance, a rule issued calling upon his creditors to show cause why certain of his real estate bound by the lien of the decree for alimony, should not be set aside to him as a homestead according to the constitution and laws of Virginia, and discharged from the claims of the wife. To this rule Phillis Garrett answered the facts as stated, and maintained that the marriage having occurred prior to the adoption of the constitution containing the homestead provision, the obligation to pay the alimony decreed could not thus be annulled, and that to allow the husband thus to avoid this obligation would be practically to use the law to defeat the very purpose which the convention had in view when the measure was adopted, viz.: the support of the family. Vide Code Va. 1873, c. 183, § 9, and Anthony v. Wade, 1 Bush, 110.

HUGHES, District Judge. The state court which rendered the decree mentioned was a court having full jurisdiction of questions of divorce and alimony, which this, the bankruptcy court, has not. That court was competent to render such decree, and the bankruptcy court has no jurisdiction, directly or indirectly, to review or modify or affect that decree. The lien of the decree directing the payment of alimony in monthly instalments is a continuing lien, similar in some respects to a ground-rent charge upon ground in which a homestead should be claimed. In this case it is superior to the claim of homestead; for, though the decree of alimony was itself subsequent in date to the adoption of the state constitution, which makes the homestead superior to judgments upon contracts made after its adoption, yet the marriage and birth of children, and therefore the contract

---

[1] [Reported by Hon. Robert W. Hughes, District Judge, and here reprinted by permission.]

[2] [From 11 N. B. R. 493.]

on which the decree was rendered, occurred long before the adoption of the state constitution, and have priority over the right of homestead.

As to the monthly payments which fell due before the proceedings in bankruptcy, it might be a question whether, as a personal charge, the discharge in bankruptcy does not release from them. That is a question which can only be decided in a suit in personam for these instalments, on a plea of discharge in bankruptcy. Certainly, however, does the lien of the decree bind the lands for these instalments.

As to the payments accruing monthly after the petition in bankruptcy, they are due by natural obligation which continues; they are in the nature of fiduciary obligations, which the bankruptcy law does not affect, and which a bankruptcy court will not interfere with, the proper state court having exclusive jurisdiction of the subject—to enforce, remit, diminish, or increase the alimony as it may see fit.

I will allow the land claimed as a homestead to be set aside to the bankrupt as such, but shall take care to recite in the order that the homestead shall be held subject to the right of the wife to alimony, as has been or may be decreed to the wife by the state court.